# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLORADO

|  |  |  |
|---|---|---|
| In re: | ) | |
| Gary K. DeJohn | ) | Bkrtcy. Case No. 10-32768 MER |
| | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

---

## RESPONSE OF SUMMITBRIDGE CREDIT INVESTMENTS, LLC TO DEBTOR'S MOTION FOR APPROVAL AND USE OF RETAINER AND PAYMENT PROCEDURE AND DEBTOR'S APPLICATION TO EMPLOY ATTORNEYS

---

SummitBridge Credit Investments LLC, assignee of the Federal Deposit Insurance Corporation in its capacity as Receiver for New Frontier Bank ("SummitBridge"), responds to debtor's Motion for Approval and Use of Retainer and Payment Procedure (the "Motion") and debtor's Application to Employ Attorneys, stating:

1.     On September 7, 2010 ("Petition Date"), Gary K. DeJohn ("Debtor"), filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code.

2.     The Debtor filed the Motion to obtain approval from the Court for a $14,181.00 pre-petition retainer paid to the firm of Bell, Gould & Scott, P.C. ("BGS"), Debtor's intended counsel.

3.     SummitBridge objects to the request for approval of a $14,181.00 retainer (the "Retainer").

4.     Debtor's own schedules show SummitBridge is owed in excess of $1,000,000.00 by Debtor. SummitBridge contends that it has valid liens and security interests in all of Debtor's property and assets located at (i) 17505/17525 Highway 34, Fort Morgan, Colorado, and (ii) 814 Main Street, Fort Morgan, Colorado, and all proceeds (including insurance) thereof, (the "Collateral") and all revenues, cash and cash equivalents that are identified in the Budget filed March 21, 2010, and all cash collateral of the Debtor, as defined in Section 363(a) of the Bankruptcy Code.

5.     SummitBridge's lien and security interest in all of Debtor's property and assets located at 17505/17525 Highway 34, Fort Morgan, Colorado, arises out of the following:

a.     Real Estate Deed of Trust (With Future Advance Clause) dated February 27, 2004, executed by the Debtor as grantor to secure repayment of promissory note #127068-04 dated February 27, 2004, in the amount of $779,500.00, executed by DeJohn Housemoving, Inc.

in favor of SummitBridge's predecessor in interest, New Frontier Bank, recorded March 1, 2004, at Book 1172, Page 1126, Reception No. 815825 in the real property records of Morgan County, Colorado (assigned to SummitBridge by assignment of deed of trust recorded April 5, 2010, at Reception No. 860799 in the real property records of Morgan County, Colorado), which deed of trust includes the following:

14. **ASSIGNMENT OF LEASES AND RENTS.** Grantor irrevocably assigns, grants and conveys to Lender as additional security all the right, title and interest in the following (Property).

A. Existing or future leases, subleases, licenses, guaranties and any other written or verbal agreements for the use and occupancy of the Property, including but not limited to, any extensions, renewals, modifications or replacements (Leases).

B. Rents, issues and profits, including but not limited to, security deposits, minimum rents, percentage rents, additional rents, common area maintenance charges, parking charges, real estate taxes, other applicable taxes, insurance premium contributions, liquidated damages following default, cancellation premiums, "loss of rents" insurance, guest receipts, revenues, royalties, proceeds, bonuses, accounts, contract rights, general intangibles, and all rights and claims which Grantor may have that in any way pertain to or are on account of the use or occupancy of the whole or any part of the Property (Rents).

b.      Commercial Security Agreement dated February 27, 2004, executed by Debtor in favor of SummitBridge's predecessor in interest, New Frontier Bank, to secure repayment of promissory note #127068-04:

To secure the payment and performance of the Secured Debts, Debtor gives Secured Party a security interest in all of the Property described in this Agreement that Debtor owns or has sufficient rights in which to transfer as interest, now or in the future, wherever the Property is or will be located, and all proceeds and products of the Property.   "Property" includes all parts, accessories, repairs, replacements, improvements, and accessories to the Property, any original evidence of title or ownership; and all obligations that support the payment or performance of the Property. "Proceeds" includes anything acquired upon the sale, lease, license, exchange, or other disposition of the Property; any rights and claims arising from the Property; and any collections and distributions on account of the Property.  This Agreement remains in effect until terminated in writing, even if the Secured Debts are paid and secured Party is no longer obligated to advance funds to Debtor or Borrower.

c.      Guaranty dated February 27, 2004, executed by Debtor and Marla DeJohn in favor of SummitBridge's predecessor in interest, New Frontier Bank, to guarantying the payment and performance of the debt, liability or obligations of DeJohn Housemoving, Inc. to New Frontier Bank evidenced by or arising out of promissory note #127068-04 dated February 27, 2004.

6.     SummitBridge's lien and security interest in all of Debtor's property and assets located at 814 Main Street, Fort Morgan, Colorado, arises out of the following:

a.     Real Estate Deed of Trust (With Future Advance Clause) dated December 13, 2004, executed by the Debtor as grantor to secure repayment of promissory note #146795-02 dated December 13, 2004, in the amount of $70,491.96, executed by Debtor in favor of SummitBridge's predecessor in interest, New Frontier Bank, recorded December 28, 2004, at Book 1199, Page 565, Reception No. 823504 in the real property records of Morgan County, Colorado (assigned to SummitBridge by assignment of deed of trust recorded April 5, 2010, at Reception No. 860800 in the real property records of Morgan County, Colorado), which deed of trust includes the following:

14. **ASSIGNMENT OF LEASES AND RENTS**. Grantor irrevocably assigns, grants and conveys to Lender as additional security all the right, title and interest in the following (Property).
A. Existing or future leases, subleases, licenses, guaranties and any other written or verbal agreements for the use and occupancy of the Property, including but not limited to, any extensions, renewals, modifications or replacements (Leases).
B. Rents, issues and profits, including but not limited to, security deposits, minimum rents, percentage rents, additional rents, common area maintenance charges, parking charges, real estate taxes, other applicable taxes, insurance premium contributions, liquidated damages following default, cancellation premiums, "loss of rents" insurance, guest receipts, revenues, royalties, proceeds, bonuses, accounts, contract rights, general intangibles, and all rights and claims which Grantor may have that in any way pertain to or are on account of the use or occupancy of the whole or any part of the Property (Rents).

7.     As the holder of liens in substantially all of the Debtor's assets and proceeds generated from 17505/17525 Highway 34, Fort Morgan, Colorado, and 814 Main Street, Fort Morgan, Colorado, SummitBridge claims that the funds used to pay the retainer are subject to SummitBridge's liens and security interests. The use of SummitBridge's cash collateral to pay the Retainer was not an authorized disposition. SummitBridge's liens and security interests attach to the proceeds which are held at BGS.

8.     As to the source of the Retainer, in the Motion BGS states:

At the time of the Debtor's Chapter 11 filing, BGS received a retainer in the amount of $14,181.00 after pre-petition fees, as set forth in the Application to Employ Attorneys. The retainer was paid by the Debtor.

Motion, ¶3.

9.     The Application referred to in the Motion states in relevant part:

9. Debtor has paid a retainer to BGS in the amount of $17,500. Prior to the filing of the petition, the Law Office of BGS rendered services to the Debtor in conjunction with pre-bankruptcy consultation and preparation of the case. The retainer was provided by the Debtor. A portion of this retainer has been applied to prepetition fees in the amount of $2,280.00 and the filing fee of $1,039.00 has been paid, leaving a retainer balance of $14,181.00 for post-petition fees and costs in this case. BGS asserts a security interest in the retainer. In the event the case is converted to a Chapter 7 proceeding, the security interest in the retainer may enable the BGS to receive payment of its fees and expenses to the extent of the retainer while other administrative expenses remain unpaid. Counsel believes that there are no perfected security interests in the retained funds other than the security interest claim by BGS. The retainer will not be utilized to pay post-petition expenses or fees without prior order of this Court.

10. The Debtor desires to employ Counsel under a general retainer because of the extensive legal services required. A schedule of the hourly rates currently charged by Counsel is attached hereto as Exhibit B.

11. No committee of creditors has been appointed or designated herein, and no notice need be given of the appointment of Counsel.

12. Counsel was paid a retainer by the Debtor in the amount of $17,500.00 to be applied, to fees and costs on such terms as the Court may approve. A separate application is being filed for approval of the retainer on notice to creditors.

10. In response to question 9 of the Statements of Financial Affairs (the "SOFA") the Debtor identified one transfer from himself in the amount of $17,500.00 to Bell, Gould & Scott PC on September 3, 2010, which appears to be the source of the retainer at issue.

11. The source of funds for the payment to BGS for the Retainer was, upon information and belief, proceeds in which SummitBridge has valid liens and security interests.

WHEREFORE, SummitBridge objects to any determination of BGS's rights and/or security interest, if any, in the retainer, and requests that to the extent the Court approves the Motion and Application, such approval expressly provide that the retainer is subject to SummitBridge's claims rights, liens, and security interests as they existed on the Petition Date, and that SummitBridge's claims, rights, liens, and security interests are prior and superior to any rights and/or security interests of debtor's counsel.

Dated: September 28, 2004

_Andrew M. Toft_
Andrew M. Toft
Attorney for SummitBridge Credit
Investments LLC
216 16th Street, Suite 1210
Denver, CO 80202-5194
(303) 436-0980
Fax: (303) 436-0983
E-mail: andrewmtoft@andrewmtoft.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below a copy of the **RESPONSE OF SUMMITBRIDGE CREDIT INVESTMENTS, LLC TO MOTION FOR APPROVAL AND USE OF RETAINER AND PAYMENT PROCEDURE AND APPLICATION TO EMPLOY ATTORNEYS** was served by deposit in the United States Mail, postage prepaid , on September 28, 2010, addressed to the following:

Gary K. DeJohn
1860 23rd Ave.
Greeley, CO 80634

Gregory S. Bell
322 E. Oak St.
Fort Collins, CO 80524

Alison Goldenberg
Trial Attorney for the U. S. Trustee
999 18th Street, Suite 1551
Denver, CO 80202

Charles F. McVay
United States Trustee
999 18th Street, Suite 1551
Denver, CO 80202

Deanna L. Westfall
Britney Beall-Elder
999 18th Street, Suite 2201
Denver, CO 80202

_Andrew M. Toft_