UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 10-32768 MER |
| GARY K. DEJOHN | ) | |
| xxx-xx-8503 | ) | Chapter 11 |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## INTERIM MOTION FOR APPROVAL OF USE OF CASH COLLATERAL BY AGREEMENT

The above captioned Debtor, by and through his attorneys, Bell, Gould & Scott, P.C., hereby moves the Court pursuant to 11 U.S.C. § 363(c)(2) and Bankruptcy Rules 4001(b) and 9014 for entry of an Order approving the use of cash collateral as described below, and as grounds therefore state as follows:

1. Debtor is the owner of property located at 17505/17525 Highway 34, Fort Morgan, Colorado (the "Property"). A motel known as "New Concept Inn" is located and operated on this property.

2. The Property has averaged gross income per month of $15,075.83, and a market value in excess of one million dollars.

3. Creditor SummitBridge Credit Investment, LLC ("SummitBridge") is the current holder of a first deed of trust originally granted to New Frontier Bank against the Property in the original face amount of amount of $779,000.00, with a current balance of approximately $695,000.00 outstanding. A junior deed of trust in favor of Goodyear with a reported outstanding balance in excess of $340,000 also encumbers the property, but claims no rights in the rents due to the underlying Summitbridge encumbrance..

4. Debtor's counsel has been in contact with counsel for SummitBridge regarding this issue, and SummitBridge has agreed to accept payments of $7,000.00 per month from Debtor on an interim basis subject to a reservation of all other rights in collateral. Such payments shall be applied by SummitBridge against the principal and interest of the note at the pre-maturity, non-default rate set forth in such note. The attorney for SummitBridge is away until at least October 11, 2010, but a copy of his letter granting consent is attached. Debtor recognizes that said counsel has not had opportunity to review the form of the order submitted herewith, but has based it on an order suggested by creditor's counsel.

5. Goodyear is not adversely affected the above terms, since reduction of the SummitBridge debt protects its security in the property.

6. All funds generated by the Property beyond the payment proposed herein are necessary for operations and for capitalization of the Plan of Reorganization by the debtor, and ultimately should accrue to the benefit of unsecured creditors.

7. Debtor requests that this order be entered immediately, nunc pro tunc September 20, 2010 (the date of the initial agreement by SummitBridge).

WHEREFORE, Debtor Gary K. DeJohn respectfully requests that the Court enter an order approving the use of cash collateral as described herein.

DATED October 1, 2010.

BELL, GOULD & SCOTT, P.C.

By     s/Gregory S. Bell
Gregory S. Bell, #9630
Attorney for Debtor
322 E. Oak St.
Fort Collins, CO  80524
Telephone: (970) 493-8999
Facsimile:  (970) 224-9188