UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| Gary K. DeJohn | ) Bkrtcy. Case No. 10-32768 MER |
| | ) Chapter 11 |
| Debtor. | ) |

## OBJECTION OF SUMMITBRIDGE CREDIT INVESTMENTS, LLC TO DEBTOR'S INTERIM MOTION FOR APPROVAL OF USE OF CASH COLLATERAL BY AGREEMENT

SummitBridge Credit Investments LLC ("SummitBridge"), responds to debtor's Interim Motion for Approval of Use of Cash Collateral by Agreement (the "Motion"), stating:

1. On September 7, 2010 ("Petition Date"), Gary K. DeJohn ("Debtor"), filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code.

2. The Debtor filed the Motion over three weeks later on October 1, 2010.

3. 11 U.S.C. § 363(c)(2) states in relevant part:

> The trustee may not use … cash collateral …unless—
>   (A) each entity that has an interest in such cash collateral consents; or
>   (B) the court, after notice and a hearing, authorizes such use, … in accordance with the provisions of this section.

4. 11 U.S.C. § 363(c)(4) states:

> Except as provided in paragraph (2) of this subsection, the trustee shall segregate and account for any cash collateral in the trustee's possession, custody or control.

5. 11 U.S.C. § 1112(b)(4) permits the Court to convert or dismiss this case if a movant establishes, among other things:

> (B) gross mismanagement of the estate;
> (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;…

6. SummitBridge acknowledges that it agreed to accept monthly payments in the amount of $7,000.00 as adequate protection under 11 U.S.C. § 363(e). However, SummitBridge objects to the terms of the proposed order on the following grounds:

(a) The proposed order does not require (i) segregation of, or (ii) accounting for (11 U.S.C. § 363(c)(4)), the cash collateral generated by 17505/17525 Highway 34, Fort Morgan, Colorado (the "Property"), separate and apart from any other income of the estate. Based upon Debtor's schedules he has at least four other creditors that have liens encumbering one or more of the parcels of property identified on Schedule A. To avoid the commingling of cash collateral of the various secured creditors, as well as the commingling income of the estate from (i) parcels owned by the Debtor that are free and clear of debt, and (ii) Debtor's business, DeJohn Housemoving, Inc., the cash collateral from the Property must be segregated from other funds rather than placed in the single debtor-in-possession account Debtor has apparently opened at one of his secured creditors, Fort Morgan State Bank. Debtor holds approximately 22 properties (¶8, DeJohn's Reply, Docket #28), most of which generate income, and these funds should not be commingled with SummitBridge's cash collateral. Commingling of the cash collateral generated by the Property with other income of the estate could have an adverse impact on the security interest SummitBridge claims in the cash collateral, C.R.S. § 4-9-315, so the cash collateral generated by the Property should be segregated so as to be identifiable.

(b) Debtor's Motion does not comply with Fed.R.Bankr.P. 4001(b)(1)(B).

(c) Debtor's Motion does not comply with L.B.R. 4001-3(a)(1).

(d) The cash flow projections attached to Debtor's proposed order are inadequate, failing to comply with L.B.R. 4001-3(a)(2)(I). Among other things, there is no identification of the rental income from each of the approximately 22 properties the Debtor holds; it is instead lumped into a single figure. Similarly, expenses - including taxes, notes payable, insurance and utilities - for all of the properties are lumped together rather than identified by property. There is no way of knowing whether income from any property, including the Property, is being used to pay expenses on other properties. Further, there is no way of telling whether each of the properties is generating income for the estate or operating at a loss. SummitBridge contends the line-item budget called for in L.B.R. 4001-3(a)(2)(I) should be required so creditors can determine whether "unauthorized use of cash collateral" that is "substantially harmful" is occurring. SummitBridge does not consent to its cash collateral being used to pay expenses of other properties.

(e) Debtor's Motion refers only to the residential units on the Property. The Motion, the proposed order and the proposed cash flow statement/budgets do not indicate the income or expenses for the Property earned from the commercial structures on the Property. All income and expenses pertaining to the Property should be disclosed in detail in the Motion or as part of the Order.

WHEREFORE, SummitBridge objects to Debtor's Interim Motion for Approval of Use of Cash Collateral by Agreement and entry of the proposed Order for the reasons set forth above.

Dated: October 22, 2010

*[signature: Andrew M. Toft]*

Andrew M. Toft
Attorney for SummitBridge Credit
Investments LLC
216 16th Street, Suite 1210
Denver, CO 80202-5194
(303) 436-0980
Fax: (303) 436-0983
E-mail: andrewmtoft@andrewmtoft.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below a copy of the OBJECTION OF SUMMITBRIDGE CREDIT INVESTMENTS, LLC TO DEBTOR'S INTERIM MOTION FOR APPROVAL OF USE OF CASH COLLATERAL BY AGREEMENT was served by deposit in the United States Mail, postage prepaid, on October 22, 2010, addressed to the following:

Gary K. DeJohn, Sr.
1860 23rd Ave.
Greeley, CO 80634-6017

Gregory S. Bell
Laurie Stirman
322 E. Oak St.
Fort Collins, CO 80524

Alison Goldenberg
Trial Attorney for the U. S. Trustee
999 18th Street, Suite 1551
Denver, CO 80202

Charles F. McVay
United States Trustee
999 18th Street, Suite 1551
Denver, CO 80202

Deanna L. Westfall
Britney Beall-Elder
Castle Meinhold & Stawiarski, LLC
999 18th Street, Suite 2201
Denver, CO 80202

SummitBridge Credit Investment LLC
Wells Fargo Center
1700 Lincoln Street # 2150
Denver, CO 80203

David M. Herrera
3600 South College Ave. Ste 204
Ft. Collins, CO 80525

DeJohn Housemoving Inc.
1860 23rd Ave.
Greeley, CO 80634

Alan Koschik
Brouse McDowell
600 Superior Ave. East
Suite 1600
Cleveland, OH 44114-2603

Ft. Morgan State Bank
PO Box 1040
520 Sherman Street
Ft. Morgan, CO 80701

Annie & Bill Hollinger
1113 23rd Ave.
Greeley, CO 80631

3

Anthem Life insurance
PO Box 5747
Denver, CO 80217

Good Year Tire & Rubber
Attn: Marlene Petroff
1144 E. Market Street
Akron, OH 44316

Marla G. DeJohn
2125 44th Ave.
Greeley, CO 80634

Baker Hughes, Inc.
4625 Industrial Parkway
Evans, CO 80620

Bank of America
PO Box 650070
Dallas, TX 75265

CitiMortgage Inc.
C/O Aronowitz & Mecklenburg LLP
1199 Bannock St.
Denver, CO 80204

Cody Peterson
24906 Cottonwood Ln.
Kersey, CO 80644

Cory Johnson
24599 Cottonwood Ln.
Kersey, CO 80644

NexMedia
1536 Wynkoop St. # 201
Denver, CO 80202

Norbel Credit Union
PO Box 1300
Greeley, CO 80632

Thomas Hill
24585 Cottonwood Ct.
Kersey, CO 80644

Weld County Treasurer
1400 N. 17th Ave.
PO Box 458
Greeley, CO 80632

Western Sugar Company
17505 Hwy 34
Ft. Morgan, CO 80701

Current Occupants
814 Main St.
Fort Morgan, CO 80701

Colorado Department of Revenue
1375 Sherman St.
Room 504
Attention Bankruptcy Unit
Denver, CO 80261-0001

Security & Exchange Commission
Central Regional Office
1801 California St. Ste 1500
Denver, CO 80202-2656

Internal Revenue Service
Centralized Insolvency Operations
PO Box 21126
Philadelphia, PA 19114-0326

Securities and Exchange Commission
Midwest Regional Office
175 W. Jackson Blvd. Ste 900
Chicago, IL 60604-2815

_____