UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| Gary K. DeJohn | ) | 10-32768-MER |
| SSN: xxx-xx-8503 | ) | Chapter 11 |
|     Debtor. | ) | |
| | ) | |

**UNITED STATES TRUSTEE'S OBJECTION TO
GARY DEJOHN'S DISCLOSURE STATEMENT**

The United States Trustee ("UST"), by and through his undersigned counsel, hereby objects to the adequacy of Debtor's Disclosure Statement filed March 16, 2011 ("Disclosure Statement"). The UST states and alleges as follows:

1. Gary K. DeJohn , (the "Debtor") filed a petition for Chapter 11 relief under title 11 of the United States Code on September 7, 2010. No committee of unsecured creditors was appointed in Debtor's bankruptcy case and Debtor remains a Debtor-in-Possession.

2. On March 16, 2010, the Debtor filed a Disclosure Statement and a Chapter 11 Plan of Reorganization.

3. The Debtor proposes continued rental of the properties to cover his notes and operational expenses.

4. The UST objects to approval of Debtor's Disclosure Statement because it does not provide adequate information as required under 11 U.S.C. §1125(a). See *Hall v. Vance*, 887 F.2d 1041 (10th Cir. 1989).

5. Section 1125 of the Bankruptcy Code defines adequate information as information that would enable a reasonable investor, typical of holders of claims in the relevant class, to make an informed judgment about the plan. This is information that is reasonably ascertainable in light of the nature and history of the debtor and the condition of the debtor's books and records. *In re Aspen Limousine Service, Inc.*, 193 B.R. 325 (D. Colo. 1996). The disclosure statement must provide sufficient information for the creditor(s) [and parties] to determine how its claim(s) will be paid. *See, American Bank and Trust Co. v. Jarrdine Ins. Servs. Tx., Inc.*, 104 F.3d 1241, 1246 (10th Cir. 1997).

6. While the Code does not define adequate disclosure, case law has given rise to certain criteria to aid the Courts in evaluating the sufficiency or the adequacy of disclosure statements. *In re Metrocraft Pub. Services, Inc.*, 39 B.R. 567 (Bankr.N.D.Ga.1984); and *In re Stanley Hotel, Inc.*, 13 B.R. 926 (Bankr.D.C.Colo.1981).

7. The Disclosure Statement does not contain adequate information of a kind, and in sufficient detail, to enable a reasonable investor to make an informed decision about the

Plan of Reorganization as required by 11 U.S.C. § 1125 for the following reasons[1]:

a. Debtor's list of income production interests in real estate, by property, should be more clearly identified to include: rental/vacancy status, rent cash flows and expenses, including secured debt, on the properties should be identified and clearly presented; the terms of the rental leases; the amount of income or loss for each property.

b. Debtor provides no discussion of possible rent receivables, collect-ability issues if there is back rent or rent payment schedules of expected versus received. Operating reports provided to date show the cash-flow and P&L are materially the same.

c. Debtor has not given adequate information on the rents received from the properties listed on Schedule A, including but not limited to status of the property, contract status, payment delinquencies or anticipated vacancies. Debtor should update the Disclosure Statement regarding properties that have been abandoned and the impact that has on the Plan. Moreover, Debtor has not discussed the net earnings he will receive from the rental of properties. See Disclosure Statement, page 14.

d. Debtor does not address maintenance of the rental properties nor the current condition of each rental property. See Disclosure Statement, page 14.

e. Debtor should discuss fees in connection with his proposed sale of real properties. See e.g., Disclosure Statement, page 12.

f. Debtor's Disclosure Statement does not identify Post-Petition arrearage amounts on secured property nor whether there is an ability to cure those amounts.

g. Debtor should provide financial projections for the plan period. The Disclosure Statement does not provided any cash flow projections should be by property to enable creditors to determine the likelihood that they will receive payment pursuant to the Plan. Projections should be provided that at a minimum, include an estimated beginning cash balance, receipts and disbursements, and an ending cash balance for the period from the estimated Effective Date to the date of the last payment under the Plan. All expenditures the Creditor will be required to make in order to pay operating expenses, fees due to the United States Trustee, administrative claimants, and income taxes should be included, as well as any significant assumptions embodied in the projections. Moreover, projections should be provided for all sources of the Debtor's income and his personal expenses. See Disclosure Statement, page 14.

---

[1]Debtor's cure of the below objections raised by the UST may not completely address all the deficiencies in the Disclosure Statement. Debtor is encouraged to provide to all creditors, interest holders and other parties in interest: adequate information, meaningful in kind, and in sufficient detail, that would enable a hypothetical reasonable investor or typical holders of claims or interests of the relevant classes to make an informed judgment about the plan.

h. Debtor does not address how additional income will be generated to cover the proposed secured debt payments to SummitBridge ($7,500 per month) and Goodyear ($700 per month). Operations since entering bankruptcy have generated only $21,410 operating income surplus over the last 6 months ($3,568 per month) which will not cover the proposed debt payment of $8,200 that is not currently being paid or accrued. Moreover, Debtor does not provide income information for his earnings from New Concept Inn or DeJohn Housemoving, Inc. See Disclosure Statement, page 14.

i. Debtor should clearly state the percentage of the debt each creditor will be repaid. For example, the Debtor states that Citimortgage's unsecured claim will share equally a pro-rata share of $75,000.00. It is not clear if this represents a 100% payment. If creditors are not going to be paid in full, then the Debtor must provide a basis as to why creditors are not going to be paid in full.

j. Importantly, Bankruptcy Code § 1129(a)(15) provides that if unsecured creditors are not being paid in full and an unsecured creditor objects, then an individual's Chapter 11 plan must distribute value not less than "the projected disposable income of the debtor (as defined in Section 1325(b)(2)) to be received during" the longer of five years or the Plan term.

The Debtor should provide an analysis of his "projected disposable income" to be received during the longer of five years or the Plan term in order to reflect whether the Plan complies with 11 U.S.C. § 1129(a)(15). Without this information in the Disclosure Statement, creditors will not fully understand whether they have a basis to object to any failure of the Debtor to comply with that provision.

An analysis of the Debtor's projected disposable income might prove particularly helpful to creditors in this case because the Debtor intends to retain and make payments on estate real properties.

k. Debtor's liquidation analysis should be based on current financial data, not data from December 2010. See Exhibit E and Disclosure Statement, page 18.

l. Debtor's Disclosure Statement does not address the separation of the Debtor's personal residence and household goods or planned disposition. A recent list of assets and liabilities should be included and addressed in the liquidation analysis. See Exhibit E and Disclosure Statement, page 18.

m. The Debtor should also address the option of dismissal of his Chapter 11 case and describe the outcome for creditors as a result of dismissal. See Exhibit E and Disclosure Statement, page 18.

n. Debtor should explain his Quick Sale estimates and justification for the amounts listed in his liquidation analysis. See Exhibit E.

o. Debtor should provide a complete 2010 1040 Tax Return for the Debtor (redacted) as an exhibit.

    p.       An update should be provided regarding cash collateral and the discovery that has been conducted.

    q.       Values are not provided for the estate's assets listed on Exhibit B.  <u>See</u> Disclosure Statement, page 7 and Exhibit B.

    r.       Debtor should provide for payment of the United States Trustee's fees pursuant to 28 U.S.C. Section 1930(a)(6).  The Disclosure Statement should be amended to reflect Debtor's obligation to remit quarterly fees due the United States Trustee pursuant to 28 U.S.C. §1930(a)(6) and that it continues until the chapter 11 case is dismissed, converted or closed.  <u>See</u> Disclosure Statement, page 8.

    s.       Debtor identifies no clear "Effective Date" on the Disclosure Statement.

    WHEREFORE, the United States Trustee requests that the Court deny approval of SummitBridge Creditor Investment's Disclosure Statement and for such other relief as the Court deems appropriate.

Dated: April 26, 2011                                Respectfully submitted,

                                                      CHARLES F. McVAY
                                                      UNITED STATES TRUSTEE

                                                      <u>/s/ Alison E. Goldenberg</u>
                                                      By: Alison E. Goldenberg
                                                      Trial Attorney for the U.S. Trustee
                                                      999 18th Street, Suite 1551
                                                      Denver, Colorado 80202
                                                      (303) 312-7238 telephone
                                                      (303) 312-7259 facsimile
                                                      Alison.Goldenberg@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify on the 26th day of April 2011, that a copy of the **UNITED STATES TRUSTEE'S OBJECTION TO GARY DEJOHN'S DISCLOSURE STATEMENT** was served by deposit in the United States Mail, postage prepaid to the following parties:

Gary K. DeJohn
1860 23rd Ave.
Greeley, CO 80634


Gregory S. Bell
Laurie Stirman
322 E. Oak St.

Fort Collins, CO 80524

Markus Williams Young & Zimmermann LLC
SummitBridge Credit Investments LLC
Donald D. Allen and James T. Markus
1700 Lincoln St. Suite 4000
Denver, CO 80203

Castle Meinhold & Stawiarski, LLC
BAC
Deanna Westfall, Esq.
999 18th St, Suite 2201
Denver, CO 80202

Susan Hendrick
1199 Bannock Street
Denver, CO 80204

/s/ Nicole Nagler
Office of the United States Trustee