**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLORADO**

|  |  |  |
|---|---|---|
| GARY K. DEJOHN, | ) ) ) ) ) ) | Chapter 11 |
| Debtor. | | Case No. 10-32768 MER |

**SUMMITBRIDGE OBJECTION TO ADEQUACY OF DEBTOR'S DISCLOSURE STATEMENT FILED MARCH 16, 2011**

SummitBridge Credit Investments LLC ("SummitBridge") by and through its undersigned counsel, hereby files its objection (this "Objection") to the adequacy of Debtor's Disclosure Statement filed March 16, 2011 ("Debtor's Disclosure Statement"). In support of this Objection, SummitBridge states as follows:

**Background Regarding Debtor**

1. Gary K. DeJohn, (the "Debtor") filed a petition for Chapter relief under title 11 of the United States Code on September 7, 2010.

2. No committee of unsecured creditors was appointed in Debtor's bankruptcy case and Debtor remains a Debtor-in-Possession.

3. On Debtor filed his Disclosure Statement and a Chapter 11 Plan of Reorganization.

4. The Debtor proposes to maintain ownership of Debtor's residential rental and non-residential rental properties and ownership of Debtor's two businesses.

**Legal Authority for Objection**

5. SummitBridge objects to approval of Creditor's Disclosure Statement because it does not provide adequate information as required under 11 U.S.C. §1125(a). *See Hall v. Vance*, 887 F.2d 1041 (l0th Cir. 1989).

6. Section 1125 of the Bankruptcy Code defines adequate information as information that would enable a reasonable investor, typical of holders of claims in the relevant class, to make an informed judgment about the plan. This is information that is reasonably ascertainable in light of the nature and history of the debtor and the condition of the debtor's books and records. *In re Aspen Limousine Service, Inc.*, 193 B.R. 325 (D. Colo. 1996). The

disclosure statement must provide sufficient information for the creditor(s) to determine how their claim(s) will be paid. *See, American Bank and Trust Co. v. Jarrdine Ins. Servs. Tx., Inc.*, 104 F.3d 1241, 1246 (10" Cir. 1997).

7.     While the Code does not define adequate disclosure, case law has given rise to certain criteria to aid the courts in evaluating the sufficiency or the adequacy of disclosure statements. *See In re Metrocraft Pub. Services, Inc.*, 39 B.R. 567 (Bankr.N.D.Ga.1984); *In re Stanley Hotel, Inc.*, 13 B.R. 926 (Bankr D.C.Colo.1981).

### Specific Objections to the Adequacy of Debtor's Disclosure.

8.     The Debtor's Disclosure Statement does not contain adequate information of a kind, and in sufficient detail, to enable a reasonable investor to make an informed decision about the Plan of Reorganization as required by 11 U.S.C. § 1125 for the following reasons:

   a. Debtor does not provide a clear breakdown of which tenants are paying rent and how much they are paying. One example is the property that Debtor calls the New Concept Inn. This property consists of a 44 unit residential property plus two industrial parcels. Debtor has indicated that Great Western Sugar pays rent for one of the industrial parcels, but the amount of rent that Great Western pays, the terms of the lease with Great Western and the specific parcel occupied by Great Western are nowhere to be found either in the Debtors' disclosure statement or his monthly operating reports. Since Great Western is a long term commercial tenant, information about its lease is important in evaluating whether the Great Western income can be counted on going forward.

   b. Debtor fails to provide any operating history or information for Debtor's wholly owned corporation, DeJohn Housemoving, Inc., even though on page 14 of Debtor's Disclosure Statement he indicates that payments and distributions under the plan will be funded in part by "Earnings of the Debtor from DeJohn Housemoving, Inc." Debtor has failed to provide a balance sheet for DeJohn Housemoving or any cash flow and profit and loss statements either prepetition or postpetition for DeJohn Housemoving. Further there is no projection of how much income Debtor expects to receive from the housemoving business over the 60 month term of the plan.

   c. Debtor has not disclosed how much cash he expects to have on hand on the Effective Date of the Plan. He asserts that Exhibit F attached to his disclosure statement shows sources and uses of cash but all that Exhibit F contains is a verbal statement that the cash will come from Advantage Bank and Norbel Credit Union, from operations of rental properties and a potential refinance. There is no statement of how much cash comes from each source. Debtor needs to disclose that the $14,000 in cash that Debtor currently has on hand is

earmarked for paying property taxes and will not be available on the Effective Date. Debtor needs to disclose the amount of cash that Debtor anticipates to have on hand at the time of confirmation. Further, if debtor plans on a refinance, as indicated on Exhibit F of Debtor's Disclosure Statement, debtor needs to identify the lender, the terms of the refinancing and the expected timing of the refinancing.

d. Debtor needs to disclose the assets and liabilities of his other entity, GKD, LLC. The Debtor indicates that the total debts of the entity exceed its total assets, but such general statement is insufficient. What are the assets of GKD? What are the liabilities of GKD? What cash flow does GKD have and how much of it does it, or can it, forward to the Debtor?

e. The need for this information from Debtor's companies on a historical and current basis is bolstered by the statement of the Debtor on page 6 of the Debtor's Disclosure Statement that

> "As a sole proprietor, Debtor was not in the habit of maintaining separate financial records for his different business activities, and had made little distinction between properties he owned and properties in which he had an interest."

f. Debtor's Disclosure Statement is misleading in that on pages 5 and 6 it states that "each of the entities [Bank of America and Iserve] holding deeds of trust on these properties, except Summit has now agreed to accept a deed in lieu of foreclosure in satisfaction of its claims.". This is clearly a misstatement in that Bank of America has already filed an objection to Debtor's plan.

g. Debtor's disclosure statement is also misleading in stating, at the bottom of page 6, that SummitBridge "has offered discounts of its loans for a cash buyout". Any discussions between Debtor and SummitBridge have been in the nature of settlement discussions and are protected by F.R.E. 408. To make it clear, SummitBridge has neither received nor accepted an offer for a "cash buyout". Nor has SummitBridge agreed to a discount of its loans. By stating the contrary the Debtor's disclosure statement is materially misleading.

h. Debtor's disclosure statement is also misleading where, at page 13, Debtor indicates that Citimortage is an unsecured creditor. Debtor must disclose that he has filed an objection to the CitiMortgage claim because CitiMortgage foreclosed certain property with a fill credit bid, and does not have an allowable unsecured claim against the estate.

i. Debtor's Disclosure Statement is inconsistent with Debtor's Plan regarding the treatment of SummitBridge's claims secured by property at Main Street

and Cottonwood Lane. The Disclosure Statement, at page 12, says the SummitBridge claims will be satisfied by the sale of such properties within twelve months with any shortfall remaining as a general unsecured claim. The Debtor's Plan, at section 4.01 f., says that the SummitBridge Claims shall be satisfied by transfer of the two properties, subject to taxes for the current year to SummitBridge. Debtor's Disclosure Statement must correctly summarize the terms of the Plan regarding the treatment of the SummitBridge claims.

j. Debtor's Disclosure Statement is also inconsistent with Debtor's Plan regarding the treatment of Goodyear's claims secured by property at Highway 34. The Disclosure Statement, at page 12, says the Goodyear claims will be satisfied by a continuing lien on such property with interest to accruing until payoff of Summit at the end of sixty months. The Debtor's Plan, at section 4.01 g., says that the Goodyear Claim shall be reduced to $250,000 on the effective date of the Debtor's Plan, and shall be paid at the rate of $500 per month with an interest rate of 3% per year. Payments increase to $5,000 per month and the interest rate increases to 7% per year after SummitBridge is paid. Further the plan proposes to give Goodyear a first lien on presently unencumbered property located at 1113 23rd Avenue. These terms are not discussed or disclosed in the Debtor's Disclosure Statement. Debtor's Disclosure Statement must correctly summarize the terms of the Plan regarding the treatment of the Goodyear claims, otherwise it is materially misleading.

k. Debtor needs to disclose the details of his attempts to "try to expand available rental properties through his housemoving company, and thereby stabilize its ability to consistently pay his salary. All operations costs were cut to realistic minimums in the last year", as stated at page 7 of the Debtor's Disclosure Statement. Where will the Housemoving company get funds to expand available rental properties? What are the costs of doing so? What are the Housemoving company's current operational costs as opposed to its costs before they were cut to "realistic minimums"?

l. Debtor needs to disclose the source of cash to be used to pay taxes and costs for properties that are not generating any income. Specifically the three vacant Cottonwood properties encumbered by the Bank of America deeds of trust.

m. Debtor needs to disclose the terms of the deed in lieu transaction that it proposes to enter into with IServe as indicated at the top of page 12 of the Debtor's Disclosure Statement.

n. Debtor identifies no clear "Effective Date" on the Disclosure Statement.

G:\R-Z\SummitBridge  10819\021  DeJohn\E  Pleadings\April 26 2011\Objection to Debtors Disclosure Statement by SummitBridge.doc

-4-

o. Debtor needs to provide financial projections for the plan period. The Debtor's plan, as summarized at page 11 of the Debtor's Disclosure Statement, proposes to pay SummitBridge's largest claim over a 60 month period. But the Debtor's Disclosure Statement does not provide any cash flow projections that would enable SummitBridge or other creditors to determine the likelihood that they will receive payments pursuant to the Plan. Projections should be provided so that at a minimum, there is an estimated beginning cash balance, receipts and disbursements on a monthly basis, and an ending cash balance for the period from the estimated Effective Date to the date of the last payment under the Plan, or at least through the 60 month period provided for payment of SummitBridge. The projections must include all expenditures the Debtor will be required to make in order to pay operating expenses, fees due to the United States Trustee, administrative claimants, and income taxes, as well as any significant assumptions embodied in the projections. Debtor's plan contemplates ongoing payments to at least four different secured creditors plus ongoing payments for taxes and insurance on multiple properties. The only way to determine whether to vote for the plan is to review the debtor's projected cash flow to see if there are sufficient funds to make the required payments.

p. Debtor does not address costs of maintenance of the rental properties for the next sixty months.

q. Debtor states, at page 12, of the Disclosure Statement that he plans on taking up to twelve months to sell the properties at 814 Main Street and 24353 Cottonwood Lane. Debtor does not disclose the source of funds to be used for maintenance, taxes and insurance on these properties during the next twelve months.

r. Debtor indicates, on page 14 of the Disclosure Statement, that the property at 506 Euclid is a 4 plex rental, but does not disclose how many of the units are rented or the potential rent per month for each unit.

s. Debtor indicates, on page 12 of the Disclosure Statement, that Goodyear Tire and Rubber will not be paid any monthly payments but will continue to accrue interest until payoff of SummitBridge after 60 months. Debtor needs to disclose the interest rate on the Goodyear Tire and Rubber note and the dollar amount of interest that will accrue each month and each year during the sixty month forbearance period.

t. Debtor's Plan at Exhibit 5.1 indicates that NexMedia has a commercial lease of the property at 601.5 14th Avenue in Greeley. The Disclosure Statement never discusses this creditor or the terms of the lease. The operating reports

       filed by Debtor show no payments by NexMedia. Debtor needs to disclose the terms of this lease and the obligations of NexMedia as a tenant.

    u. Creditor does not address or describe in any way how he will be able to be employed full time by DeJohn Housemoving and still maintain rental operations for a 44 unit residential property, four single family residences in two different cities and several industrial properties. Debtor does not use a property management company and so it is incumbent on Debtor to describe how much of his time will be devoted to DeJohn Housemoving and how much time would be devoted to the rental properties.

9. Debtor is required to provide to all creditors, interest holders and other parties in interest: adequate information, meaningful in kind, and in sufficient detail, that would enable a hypothetical reasonable investor or typical holders of claims or interests of the relevant classes to make an informed judgment about the plan. Since Debtor intends to manage various rental properties and two ongoing businesses for sixty months, detailed financial projections for that sixty month period are required to enable to a reasonable investor to make an informed judgment about the Debtor's Plan.

10. Debtor's Disclosure Statement, at Exhibit E, has not provided an adequate Chapter 7 Liquidation Analysis which is critical information to holders of claims voting on Debtor's Plan. Specifically, Debtor needs to explain the reasoning behind his 46% across the board reduction in value of the properties that would be sold by a chapter 7 trustee. Specifically Debtor's liquidation analysis states that net proceeds for the properties located at 110 Spruce, 4600 Industrial Parkway, 4600 Industrial Parkway Out Lots, 601.5 14th, 1113 23rd and 4625 Industrial Parkway would all net only 54% of the Debtor's scheduled values for each such property. This represents a loss of over $270,000 in value from the amount scheduled by the Debtor. The Debtor's liquidation analysis, at Exhibit E to the Debtors Disclosure Statement, applied a blanket 46% discount percentage to the scheduled values for vacant single family residential properties, vacant industrial properties, and rented industrial and commercial properties without a discussion of why such differing properties would each suffer the exact same 46% discount in sale proceeds recovered by a chapter 7 trustee.

11. The Debtor's Disclosure Statement, at page 13, classifies Equity Interest Holders, but does not indicate the proposed treatment of the holders of Equity Interests.

12. Finally, Debtor needs to provide an update regarding the cash collateral dispute with SummitBridge and the discovery that has been conducted. See Disclosure Statement, page 6.

WHEREFORE, SummitBridge requests that the Court deny approval of Debtor's Disclosure Statement, hold that such disclosure statement does not contain adequate information as required by 11 U.S.C. § 1125(a)(1) and for such other relief as the Court deems appropriate.

Respectfully submitted this 26th day of April, 2011.

By: */s/ Donald D. Allen*
Donald D. Allen, #10350
James T. Markus, #25065
Markus Williams Young & Zimmermann LLC
1700 Lincoln Street, Suite 4000
Denver, CO 80203
Telephone: (303) 830-0800
Facsimile: (303) 830-0809
dallen@markuswilliams.com
jmarkus@markuswilliams.com
Attorneys for SummitBridge Credit Investments LLC

G:\R-Z\SummitBridge 10819\021 DeJohn\E Pleadings\April 26 2011\Objection to Debtors Disclosure Statement by SummitBridge.doc

-7-

## CERTIFICATE OF SERVICE

      I certify that on the 26th day of April, 2011, I caused to be served on each person listed below a copy of the SummitBridge Objection to Adequacy of Debtor's Disclosure Statement Filed March 16, 2011 by first class, U.S. mail, postage prepaid:

SummitBridge Credit Investments LLC
Attn: Asset Manager
1700 Lincoln Street, Suite 2150
Denver, CO 80203

Gary K. DeJohn
1860 23rd Ave.
Greeley, CO 80634

Gregory S. Bell
322 E. Oak Str.
Fort Collins, CO 80524

Alison Goldenberg
Attorney for the U.S. Trustee
999 18th Street, Suite 1551
Denver, CO 80202

Deanna L. Westfall
Britney Beall-Eder
999 18th Street, Suite 2201
Denver, CO 80202

Susan Hendrick
1199 Bannock Street
Denver, CO 80204

                                                 /s/ *Laura M. Nelson*